**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

IN RE:

SHANDON RICKY LAYNE                                             CASE NO. 14-60132

DEBTOR

EDDIE MERRITT                                                          PLAINTIFF

V.                                                                    ADV. NO. 14-6015

SHANDON RICKY LAYNE                                                    DEFENDANT

**MEMORANDUM OPINION**

      This matter is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 6]. The court held an evidentiary hearing on September 17, 2014. For the reasons stated on the record and set forth below, the Plaintiff's Motion is denied and judgment is entered for the Defendant.

**FACTS**

      The Defendant filed for chapter 7 bankruptcy on February 7, 2014. On May 12, 2014, the Plaintiff filed this adversary proceeding seeking to declare a debt of approximately $18,900.00 non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6), and to revoke the Defendant's discharge pursuant to § 727(a)(2), § 727(a)(3), § 727(a)(4), and § 727(a)(5).

      The Court entered a scheduling order on May 14, 2014, setting pretrial deadlines and a trial date [Doc. 2]. The Plaintiff thereafter certified the summons was executed on the Defendant [Doc. 4] but the Defendant failed to answer or otherwise respond to the Complaint.

1

The record reflects that no further activity occurred until the Court entered an order on August 26, 2014, setting the matter for a status conference [Doc. 5]. At that time, the pre-trial deadlines for discovery and the filing of dispositive motions, a joint settlement report, and exhibits for trial were expired. Subsequent to entry of the order setting a status conference, the Plaintiff filed a motion for default judgment [Doc. 6]. The Court thereafter struck the status hearing [Doc. 7] and the remaining pretrial deadlines and trial date [Doc. 9] and set the Motion for Default Judgment for evidentiary hearing [Doc. 8].

The Plaintiff filed an affidavit in support of his allegations with certain exhibits attached [Doc. 10]. The Defendant did not respond to the Motion for Default Judgment.

The Court conducted an evidentiary hearing on September 17, 2014. The Plaintiff and his counsel appeared. The Defendant also appeared *pro se*.[1] Plaintiff's counsel informed the Court the Plaintiff would not proceed with any of his claims under § 727, but would seek judgment pursuant to § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6). With no objection, the Plaintiff's affidavit and supporting documents are admitted into evidence. The Plaintiff did not offer any other additional evidence in support. The Defendant did not present any evidence and informed the Court that he did not file an answer because he could not afford legal representation.

## DISCUSSION

**I.    Proof in Support of the Plaintiff's Allegations is Required.**

Default judgments are governed by FED. R. BANKR. P. 7055, which incorporates FED. R. CIV. P. 55 by reference. Pursuant to Rule 7055(a), when a party fails to plead or otherwise

---

[1] The Defendant's bankruptcy counsel appeared to explain prior attempts to negotiate a settlement in this matter, but stated on the record that he was not entering an appearance for the Defendant in this adversary proceeding.

2

defend, then the party is in default. A party may then apply to the Court for a default judgment. Rule 7055(b) states that a court "may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment – it needs to…(C) establish the truth of any allegation by evidence."

Whether to enter a default judgment is in the Court's discretion and the Court may review the merits of the claim before entering judgment. *See In re Young*, Case No. 12-14308, 2013 WL 3992456 at *3 (Bankr. E.D. Tenn. Aug 2, 2013). Once a default is established, the factual allegations of the Plaintiff's Complaint are deemed admitted, but the court must still consider whether the unchallenged facts support a legitimate cause of action. *Id.* at *3 (citing 10A Wright, Miller, & Kane, FEDERAL PRACTICE AND PROCEDURE §2688, p. 63 (3d. 1998)).

The Defendant did not answer or otherwise respond to the Complaint, so he is in default. Consistent with Rule 7055(b), the Court issued an order setting the request for default judgment for evidentiary hearing and cautioned the Plaintiff of his duty to present affirmative evidence in support of his allegations based on the applicable law:

> All facts properly pled will be deemed admitted. Pursuant to FED. R. BANKR. P. 4004, 4007 and 7055, testimony and proof will be required for each requisite element when Plaintiff is objecting to a discharge or claiming that a particular debt is nondischargeable. See *Grogan v. Garner,* 498 U.S. 279 (1991) (creditor must prove each element of its claim by a preponderance of the evidence); *FCC National Bank v. Johnny Mac Roberts (In re Johnny Mac Roberts),* 193 B.R. 828, 831 (Bankr. W.D. Mich. 1996) (fraudulent intent may not be inferred from allegations in a complaint); FED. R. BANKR. P. 7055(b)(2) (the court may conduct hearings to establish the truth of any allegations by evidence).
>
> As the party bearing the burden of proof, Plaintiff must produce evidence at the hearing sufficient to meet said burden. *In re Roberts*, 193 B.R. 828 (Bankr. W.D. Mich. 1996). A default judgment will enter on the establishment of all necessary elements of proof. The Court will not grant relief unsupported by law simply because the Defendant did not oppose the adversary proceeding. *In re Talbert*, 268 B.R. 811, 813 n.2 (Bankr. W.D.

Mich. 2001).

*See* Order Setting Evidentiary Hearing [Doc. 8].

## II.     The Plaintiff's Proof is Insufficient to Find the Debt Non-Dischargeable.

The Plaintiff must prove by a preponderance of the evidence each element required to support a finding that the debt is non-dischargeable pursuant to § 523(a)(2), § 523(a)(4), and § 523(a)(6) to succeed on his Complaint. The Plaintiff relies on the Complaint and affidavit testimony in support of his allegations, but neither is sufficient to support a finding that the debt is non-dischargeable.

### a.     The Plaintiff did not Prove Fraudulent Intent under § 523(a)(2)(A).

The Plaintiff seeks a finding that the debt owed is non-dischargeable under § 523(a)(2)(A).[2] To meet his burden of proof, the Plaintiff must show: (1) the Defendant obtained money through a material misrepresentation that, at the time, the Defendant knew was false or made with gross recklessness as to its truth; (2) the Defendant intended to deceive the Plaintiff; (3) the Plaintiff justifiably relied on the false representations; and (4) the Plaintiff's reliance was the proximate cause of his loss. *Rembert v. AT&T Univ's Card. Serv.'s, Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1988).

The Plaintiff alleges the following facts in his Complaint, which are deemed admitted:

- The Plaintiff loaned the Defendant $18,900.00 so the Defendant could purchase and customize a 2008 Ford F-250 in exchange for an agreement to repay the debt within 45 days and assist the Plaintiff in starting an excavation business.

- The Defendant breached the agreement by failing to pay the debt or assist in the excavation business, causing damages to the Plaintiff.

---

[2] The Court presumes the Debtor is proceeding under § 523(a)(2)(A) rather than § 523(a)(2)(B) because the loan agreement between the parties was an oral agreement. The Plaintiff would not prevail under § 523(a)(2)(B) because there is no evidence of "a statement in writing." Further § 523(a)(2)(C) applies primarily to credit card debt, which is not at issue here.

4

- The Defendant made a materially false misrepresentation to the Plaintiff regarding his intention and ability to repay the $18,900.00 and assist the Plaintiff in the excavation business upon which the Plaintiff relied in loaning the Defendant the money.

- The Plaintiff commenced a civil action against the Defendant in the Pulaski Circuit Court seeking damages for fraud and breach of contract and when the Plaintiff filed a Motion for Summary Judgment and set it for hearing, the Defendant filed chapter 7 bankruptcy.

- The Defendant's petition and schedules fail to list certain property that he owns, certain transfers made, and undervalues property that is listed.

*See* Complaint [Doc. 1].

The Plaintiff also offered uncontested affidavit testimony consistent with these factual allegations. *See* Supplement to Motion for Default Judgment [Doc. 10]. In summary, the Plaintiff testified that he contemplated doing some construction and excavation business with the Defendant in 2012 and advised the Defendant he had the ability to loan him $18,000.00 towards the purchase of a new truck as part of that endeavor. Affidavit of Eddie Merritt [Doc. 10] at ¶ 1. The Defendant represented that he could afford to repay the amount in 45 days. *Id. at* ¶ 2. The Plaintiff explained that based on his observations that the Defendant carried thousands of dollars of cash on his person and was currently employed in several construction and excavation projects, so he did not doubt Defendant's representation about his ability to repay and relied upon it. *Id. at* ¶¶ 4-5.

On April 18, 2012, the Plaintiff loaned the Defendant $18,000.00, which the Defendant applied to the purchase of a 2008 Ford F-250 (the "Vehicle") and titled the Vehicle in his name. The Plaintiff then loaned the Defendant an additional $900.00 to make upgrades to the Vehicle. The Defendant failed to repay the debt within 45 days. *Id. at* ¶¶ 6-7.

The Plaintiff testified that he commenced a civil action in Pulaski Circuit Court alleging fraud and breach of contract. Before a judgment could be entered, the Defendant filed chapter 7 bankruptcy, listing the debt owed to the Plaintiff as disputed on Schedule F. *Id.* at ¶¶ 8, 10-12.

The Plaintiff testified that the Defendant misrepresented his ability to repay the Plaintiff within 45 days because: (1) the Defendant's Statement of Financial Affairs shows the Debtor's net income for 2012 is only $366.00; and (2) the Defendant testified at the first meeting of creditors that he did not generate enough income to pay his bankruptcy attorney's fee and his father loans him money from time to time. The Plaintiff further testified the Defendant did not disclose on his petition and schedules that the Defendant returned the Vehicle purchased with the loaned money or that his father loaned him money. *Id.* at ¶¶ 9, 13-15. As a result of this misrepresentation, the Plaintiff suffered not only $18,900.00 in damages, but also attorneys' fees and costs total $4,675.75 and court costs of $446.00. *Id.* at ¶¶ 16-17.

The Plaintiff's evidence does not prove fraudulent intent. A failed promise to repay is the basis for every loan default. Evidence of a bankrupt debtor's inability to pay a pre-petition debt based on information disclosed on his petition and schedules is not enough, by itself, for the Court to conclude there was intent to deceive. *See In re Roberts*, 193 B.R. 828, 831 (Bankr. W.D. Mich. 1996) (holding intent cannot be implied from the mere fact that a debt is unpaid).

### b. The Plaintiff Did Not Prove the Elements Required by § 523(a)(4).

The Plaintiff also seeks a finding that the debt is non-dischargeable under § 523(a)(4). To prove his case, the Plaintiff must show the Defendant procured the debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

The Plaintiff's evidence again falls short. There is no proof that the parties created a trust, express or implied. *See, e.g., In re Stollman*, 404 B.R. 244, 269-70 (Bankr. E.D. Mich. 2009) (the defalcation provision applies to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor). There is also no evidence of fraudulent intent, which is required to find the Defendant embezzled funds. *Brady v. McAllister (In re Brady),* 101 F.3d 1165, 1172-73 (6th Cir. 1996) *abrogated on other grounds as explained in National Development Servs. v. Denbleyker (In re Denbleyker),* 251 B.R. 891 (Bankr. D. Colo. 2000). Further, the Plaintiff testified he willingly gave the money to the Defendant, so there is no evidence of larceny even if there was evidence of fraudulent intent. *See Graphic v. Grim (In re Grim)*, 293 B.R. 156, 166 n. 3 (Bankr. N.D. Ohio 2003) (defining larceny as requiring the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to the taker's use without the consent of the owner).

### c. The Plaintiff Did Not Prove Willful and Malicious Conduct under § 523(a)(6).

Finally, the Plaintiff seeks a judgment that the debt is non-dischargeable pursuant to § 523(a)(6). To succeed, the Plaintiff must prove the debt was incurred for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

To prove willful behavior, a plaintiff must show the debtor "believe[d] that the consequences [of his actions] are substantially certain to result from them." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999). In other words, the Plaintiff must show the Defendant intended to do harm. *Id. at* 463. The term "malicious" requires a

7

conscious disregard of one's duties. *JGR Associates, LLC v. Jeffrey Howard Brown* (*In re Brown)*, 442 B.R. 575, 620 (Bankr. E.D. Mich. 2011).

The Plaintiff provided no proof to support a finding that the Defendant intended to do harm in borrowing the money from the Plaintiff and failing to repay within 45 days.

### III.   The Plaintiff is Not Entitled to a Second Bite at the Apple.

At the conclusion of the Court's oral ruling that judgment shall be entered for the Defendant and the case dismissed, Plaintiff's counsel orally requested the Court enter another scheduling order to allow the Plaintiff to attempt to conduct discovery to prove his case. This request is denied because it essentially asks for a "do over."

The Plaintiff had a fair opportunity to present his proof. The Order for Trial provided the Plaintiff approximately 2½ months to complete discovery. The Defendant's failure to file an answer or participate in the adversary proceeding does not prevent the Plaintiff from deposing the Defendant or compelling his appearance at trial. *See, e.g.,* FED. R. BANKR. P. 9016. The Plaintiff bears the burden of proof and the Order setting the evidentiary hearing made it clear the Plaintiff must present that proof to prevail.

In addition, it is a waste of judicial resources to allow a second trial without some showing of error or prejudice. The Plaintiff was provided a fair chance to present his case and has not shown any fault or injustice that might justify another chance.

### CONCLUSION

A Plaintiff does not automatically obtain a judgment that a debt is non-dischargeable based on fraudulent conduct merely because a defendant is in default. The discharge is the ultimate goal in a bankruptcy case and an attempt to prevent discharge is a difficult task. The Plaintiff bears the burden of proof and must meet that burden to obtain a judgment of non-

dischargeability. The Plaintiff failed to meet his burden, so judgment is entered for the

Defendant and the case is dismissed with prejudice. A separate order will follow.

9

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Monday, September 22, 2014**
(grs)